Paul SEDLMAJER and Linda Sedlmajer,
Plaintiffs and Respondents,

v.

L. E. JONES, Defendant and Appellant.

No. 12316.

Supreme Court of South Dakota.

Argued May 17, 1978.

Decided Feb. 22, 1979.

J. M. Grossenburg of Day & Grossenburg, Winner, for plaintiffs and respondents.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for defendant and appellant.

PER CURIAM.

■ This case involves the alleged breach of an implied warranty of habitability in the construction of a house. We held in *Waggoner v. Midwestern Development, Inc.*, 83 S.D. 57, 154 N.W.2d 803 (1967) that: "[W]here in the sale of a new house the vendor is also the builder of houses for sale there is an implied warranty of reasonable workmanship and habitability surviving the delivery of the deed." The builder is not required to build a perfect house. A standard of reasonableness governs on the questions of whether the house is defective and how long the warranty should last after delivery of the deed. *Waggoner, supra.*

■ Defendant in this action gave the above warranty since he was both the builder and seller of the house involved. Plaintiffs contend that the house was defective because of water seepage into the basement between the concrete block walls and the concrete footings.

Trial was had to the court, and judgment rendered in favor of plaintiffs in the amount of $1,979.25 plus costs. Defendant has appealed, contending that: (1) The Farmers Home Administration warranty given when the house was constructed should have governed; (2) the evidence was insufficient to establish that the house was defective and that any defects were the proximate cause of plaintiffs' damages; (3) opinion testimony was improperly admitted; (4) personal property damages awarded were unsupported by the evidence. We conclude that these contentions are without merit and affirm the judgment.

Defendant had an arrangement with the Farmers Home Administration (FHA) whereby defendant would build houses on his own land and the FHA would provide loans to suitable buyers, who purchased houses defendant had built. As a part of this arrangement, defendant was required to give a warranty that the house was constructed in conformity with certain standards approved by the FHA. This warranty extended for a period of one year, and the defects here complained of were discovered after the house was more than one year old.

■ Defendant argues, first, that this warranty should govern the transaction. This contention is without merit, since the FHA warranty explicitly states that it is in addition to other warranties and does not reduce any other protection that the buyer may have. Defendant also argues that a one year period is a reasonable period for the *Waggoner* warranty to run, and that the FHA document evidences this fact. We do not agree that the FHA document should be determinative. A hidden defect, such as a failure to properly seal a basement, might well not be discovered in one year. The question of reasonableness, moreover, is factual. The trial court's determination can be disturbed only if it is clearly erroneous.

Defendant's second argument is that the evidence is insufficient to show a defect in the house. We must, of course, take all the evidence in the light most favorable to plaintiffs, who prevailed below. We must also indulge all reasonable inferences, which favor plaintiffs, that can be drawn from the evidence presented. See *Hilde v. Flood*, 81 S.D. 25, 130 N.W.2d 100 (1964); *Alberts v. Mutual Service Casualty Insurance Co.*, 80 S.D. 303, 123 N.W.2d 96 (1963).

Taking the evidence in this light, we conclude that it is sufficient to show a defect in construction. We note, first, that two inches of water entered the basement in all areas of the basement with the exception of the recreation room where plaintiffs had drilled holes in the wall. This flooding occurred before plaintiffs dug a trench to determine what had caused the flooding. Second, when plaintiffs dug a trench at the northwest corner of the house, they discovered that the area around the footings and the concrete block walls was not tarred so as to prevent leakage. Finally, plaintiffs' expert, who had at least eight years' experience in constructing basements, testified to what would be necessary to repair a leaky basement of the type described by the evidence in this case. From this testimony, the trial court could infer that the contractor should have taken similar measures at the time the basement was built. Plaintiffs testified that the measures their expert suggested, including tarring of the blocks and fittings, placing of drain tile around and away from the house, and packing of porous gravel or crushed rock around the foundation, had not been completed by the contractor. We believe that this evidence, if believed, and taken in the light most favorable to plaintiffs, is sufficient to show that defendant did not adequately construct the basement so as to guard against leaking.

We also believe that this evidence is sufficient to prove that this failure to adequately construct the basement was the proximate cause of plaintiffs' damages. Defendant asserts that an unusually severe snowstorm was an intervening cause. Melting snow and its effects are, however, well known in South Dakota, and failure to guard against them cannot excuse a contractor's liability for a leaky basement.[1]

Defendant's next argument is that plaintiffs' expert witness was not properly qualified to testify on repair for the basement. This contention is also without merit. The expert testified only to the measures he would take or recommend in repairing any basement that leaked, and to the probable cost of such measures. Since he had experience in repairing basements, he could testify on these two matters. He also testified that basements are basically the same, and that if one leaks, the measures he suggested are proper and effective. His testimony thus had relevance on the question of how and at what cost the basement could be repaired. We conclude that the trial court did not exceed its discretion in allowing this witness to testify. *State ex rel. Helgerson v. Riiff*, 73 S.D. 467, 475, 44 N.W.2d 126, 130 (1950).

Defendant's final contention is that the court improperly granted damages for certain items of personal property. Defendant contends that evidence of the market value of the property before it was damaged and the value after it was damaged was not present. Mrs. Sedlmajer did, however, testify to market value of the property by testifying to its cost, and to what similar property cost at a garage sale. She also testified, as the owner, to the value of the property to her. Finally, she testified that the property damaged had no salvage value. The trial court, if it believed her testimony, had before it sufficient evidence to award the damages it granted.

The judgment is affirmed.

---

1. We note that defendant complains of the fact that the trial court allowed plaintiffs to recover on the alternate theory that defendant allowed water from his stock tank to drain onto plaintiffs' land and that this drainage caused the flooding. Plaintiffs asked the trial court to dismiss this alternate contention, but the court refused. Since we hold that the evidence is sufficient to sustain the judgment under the *Waggoner* rule, we need not address this contention.